Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net

Attorney for the Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (Santa Rosa Division)

| | |
|---|---|
| In Re | Case No. 10-13730 |
| Superior Acquisitions, Inc. | Chapter 11 |
| Debtor. | |

## DISCLOSURE STATEMENT
### IN SUPPORT OF DEBTOR'S PLAN OF REORGANIZATION
(February 21, 2011)

YOU ARE BEING SENT THIS DISCLOSURE STATEMENT BECAUSE YOU ARE A CREDITOR OF SUPERIOR ACQUISITIONS, INC. THIS DOCUMENT DESCRIBES A PLAN OF REORGANIZATION WHICH, WHEN CONFIRMED BY THE BANKRUPTCY COURT, WILL GOVERN HOW YOUR CLAIM WILL BE PAID. YOU ARE URGED TO REVIEW THE DISCLOSURE STATEMENT AND THE PLAN OF REORGANIZATION CAREFULLY BEFORE VOTING ON THE PLAN.

DATED: February 21, 2011            /s/ *Michael C. Fallon*
                                    _____
                                    Michael C. Fallon
                                    Attorney for Superior Acquisitions, Inc.

# I.

## Introduction

On September 28, 2010, Superior Acquisitions, Inc. ("the Debtor") filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the Northern District of California, Santa Rosa Division. This Disclosure Statement has been prepared by the Debtor in connection with the Plan of Reorganization proposed by him to comply with the provisions of the Bankruptcy Code that require the submission of information necessary for creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the Debtor's Plan of Reorganization.

### A. Repayment of Creditors/Treatment of Equity Holders

The debtor's obligation to the lenders secured by senior deeds of trust on the realty will be modified such that the lenders will receive the lesser of the current market value of the property and the balance due to the lender as of the date the plan is confirmed, plus a market rate of interest. In some instances the debtor will surrender the collateral to satisfy an obligation.

The debtor's obligation to the holders of junior deeds of trust will also be modified. The junior deeds of trust will for the most part be paid as the debtor and the lenders may agree. However, in the instance where agreement cannot be reached the debtor will either pay to the lender its allowed secured claim plus a market rate of interest or the lien will be avoided as may be appropriate with the claim paid as an allowed unsecured claim.

The unsecured creditors will in effect share in the equity of the debtor as the debtor intends to pay the creditors not less than $600,000 over a period of ten years plus 25% of the debtor's net operating profit over the same time period. It is the debtor's intention to pay all creditors in full but the actual return will be dependent on the success of the debtor.

### B. Creditors Allowed to Vote: Deadline

Creditors who wish to vote on the Plan should review this Disclosure Statement and the Plan, complete the enclosed ballot and return it to the Law Offices of Michael C. Fallon, 100 E Street, Suite 219, Santa Rosa, California 95404, on or before the date set for the return of ballots

as provided in the order approving this disclosure statement. Creditors who hold allowed claims are entitled to vote to accept or reject the Plan. Ballots received by counsel after the date set forth above will not be counted in determining whether the Plan should be confirmed. Even though a creditor may choose to not vote or may vote against the Plan, all creditors will be bound by the terms of the Plan if the Plan is accepted by the requisite majority in each class of creditor and/or is confirmed by the Court. Creditors who fail to vote will not be counted in determining acceptance or rejection of the Plan. Allowance of a claim or interest for voting purposes does not necessarily mean the claim will be allowed or disallowed for purposes of distribution under the Plan. Any claim on which an objection has been or will be made will be allowed only for distribution after determination by the Court. Such determination may be made after the Plan is confirmed.

C. Confirmation of the Chapter 11 Plan

The Bankruptcy Court will hold a hearing in the courtroom of the Honorable Alan Jaroslovsky, United States Bankruptcy Judge, 99 South E Street, Santa Rosa, California to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied. The date of the hearing is contained in the order approving this Disclosure Statement.

For the Plan to be deemed accepted by a class of creditors the Plan must be accepted by creditors that hold at least two-thirds in dollar amount and more than one half in total number of allowed claims within that class. For purposes of this calculation, only the claims of creditors actually voting on the Plan will be counted. Under certain circumstances described in 11 U.S.C. §1129(b), the Court may confirm a plan notwithstanding the rejection thereof by more than one third in amount or one half in number of creditors voting on the plan in any given class. The Plan Proponent intends to seek confirmation under 11 U.S.C. §1129(b) in the event any class of creditors rejects the Plan.

D. Lack of Objection to the Disclosure Statement

The lack of an objection to the Disclosure Statement by any creditor or equity holder does not, and will not, operate as a waiver of the creditor's right to raise any objections to

confirmation of the Plan of Reorganization.

E. Representations in the Disclosure Statement

The Debtor is not able to warrant or represent that the information contained in this Disclosure Statement is without error, although reasonable efforts have been made to insure that the information contained herein is accurate, complete and free from error.

Except as otherwise noted all estimates and analysis with respect to the Debtor's assets, claims against the Debtor, property values, pending or anticipated litigation, are only the Debtor's best estimates taken from the Debtor's Schedule of Assets and Liabilities filed under penalty of perjury in this Chapter 11, and the Debtor cannot warrant that actual values, results, and recoveries will, in fact, be consistent with this Disclosure Statement.

Any description of the terms of the Debtor's Plan is a summary only, and you are cautioned to review the terms of the Plan for significant details.

II.

Background

This Debtor owns more than 13 million dollars of real estate consisting a mobile home park in Lakeport, office buildings in Clearlake, Lakeport, Fall River Mills, a retail building in Redding, and several construction sites in Clearlake. The Debtor finds itself in Chapter 11 because (i) the State of California Department of Motor Vehicles that leases two of the office buildings has not made a lease payment since the budget crisis in California began earlier this year, (ii) the Debtor was required to remove nearly a third of the mobile homes in its mobile home park because the units were substandard, (iii) tenants did not pay rent as agreed, (iv) unforseen delays in building projects. The case was filed on the eve of the day a judgment creditor, a material supplier, was to sell property at a sheriff's sale. The sheriff's sale, while a precipitating factor, only hastened the inevitable as the creditor secured by the Department of Motor Vehicle buildings and the Mobile Home Park was just weeks away from concluding the foreclosure of its interest in the these properties.

//

//

## III.

## Summary of Assets and Liabilities

### Assets

| Description and Location | Market Value |
|---|---:|
| Mobile Home Park and RV Resort<br>One First St., Lakeport, CA | $ 1,700,000 |
| Bare Land ((Safeway/Lowe's site)<br>7110 Old Hwy 53, Clearlake, CA | 250,000 |
| Bare Land (Carl's Jr. Site)<br>15895 Dam Road Ext., Clearlake, CA | 1,275,000 |
| Bare Land<br>6883 Old Hwy 53, Clearlake, CA | 2,750,000 |
| Office Building<br>965 Parallel Drive, Lakeport, CA | 1,475,000 |
| Lakeport Property<br>2 C Street, Lakeport, CA | 675,000 |
| Office Building<br>43467 Hwy 299, Fall River Mills, CA | 895,000 |
| Office Building<br>1153 Hilltop Drive, Reding, CA | 125,000 |
| Retail<br>2991 Churn Creek Road, Redding, CA | 1,750,000 |
| Bare Land<br>370 S. Main St., Lakeport, CA | 650,000 |
| Office Building<br>14340 Lake Drive, Clearlake, CA | 795,000 |
| Office Parking Lot<br>14335 Pearl Street, Clearlake, CA | 100,000 |
| Financial Accounts | 1,530 |
| Security Deposits | 102,000 |
| Accounts Receivable | 98,000 |
| Office Equipment | 5,000 |
| Machinery | 43,000 |
| Total | $12,689,530 |

//

//

## Liabilities

| | |
|---|---:|
| Bay Sierra (One First St) | $ 1,250,000 |
| Mobile Asset Group (One First St) | 980,000 |
| Bob Nutto (One First St) | 120,000 |
| J. Berger (One First St) | 110,000 |
| Lake County Tax Collector (One First St) | 87,418 |
| Clear Lake Lava (One First St) | 41,000 |
| Mobile Asset Group (43467 Hwy 299) | 465,000 |
| Bay Sierra (43467 Hwy 299) | 250,000 |
| Shasta County Tax Collector (43467 Hwy 299) | 18,744 |
| Mobile Asset Group (965 Parallel Dr) | 975,000 |
| Bay Sierra (965 Parallel Dr) | 500,000 |
| Lake County Tax Collector (965 Parallel Dr) | 28,961 |
| First Community Bank (6883 Old Hwy 53) | 2,500,000 |
| Village Properties (6883 Old Hwy 53) | 40,000 |
| Lake County Tax Collector (6883 Old Hwy 53) | 12,490 |
| Mobile Asset Group (370 S. Main St) | 270,000 |
| Larry Moss (370 S. Main St) | 100,000 |
| J. Berger (370 S. Main St) | 75,000 |
| Lake County Tax Collector (370 S. Main St) | 16,480 |
| Lake County Tax Collector (7110 Old Hwy 53) | 18,260 |
| Premier West Bank (15895 Dam Road) | 1,700,000 |
| Premier West Bank (15895 Dam Road) | 629,000 |
| Larry Moss (15895 Dam Road) | 100,000 |
| Premier West Bank (2 C St) | 485,000 |
| RC Pacific (2 C St) | 92,000 |
| Lake County Tax Collector (2 C St) | 14,228 |
| Mobile Asset Group (1153 Hilltop Dr) | 72,000 |
| Shasta County Tax Collector (1153 Hilltop Dr) | 6,980 |
| Mobile Asset Group (2991 Churn Creek Rd) | 1,600,000 |
| Shasta County Tax Collector (2991 Churn Creek Dr) | 46,780 |
| West America Bank (14340 Lake Dr) | 200,000 |
| Larry Moss (14340 Lake Dr) | 200,000 |
| Lake County Tax Collector (14340 Lake Dr) | 9,318 |
| WestAmerica Bank (14335 Pearl St) | 100,000 |
| Larry Moss (14335 Pearl St) | 50,000 |
| Lake County Tax Collector (14335 Pearl St) | 2,778 |
| Unsecured Priority Creditors | 904 |
| Unsecured Creditors | 416,582 |
| Total | $15,283,923 |

## IV.

## Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been

classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code.  A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class.  A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

| | |
|---|---|
| Class 1 | Lake County Tax Collector (One First Street) |
| Class 2 | DRMG (One First Street) |
| Class 3 | Bay Sierra (One First Street) |
| Class 4 | Jim Berger (One First Street) |
| Class 5 | Bob Nutto (One First Street) |
| Class 6 | Clear Lake Lave (One First Street) |
| Class 7 | Lake County Tax Collector (7110 Old Hwy 53) |
| Class 8 | Lake County tax Collector (15895 Dam Road) |
| Class 9 | Larry Moss (15895 Dam Road) |
| Class 10 | Premier West Bank (15895 Dam Road) |
| Class 11 | Lake County Tax Collector (6883 Old Hwy 53) |
| Class 12 | First Community Bank (6883 Old Hwy 53) |
| Class 13 | Village Properties (6883 Old Hwy 53) |
| Class 14 | Lake County Tax Collector (Parallel Drive) |
| Class 15 | DRMG (Parallel Drive) |
| Class 16 | Bay Sierra (Parallel Drive) |
| Class 17 | Lake County Tax Collector (C Street) |
| Class 18 | Premier West Bank (C Street) |
| Class 19 | RC Pacific (C Street) |
| Class 20 | Shasta County Tax Collector (43467 Hwy 299) |
| Class 21 | DRMG (43467 Hwy 299) |
| Class 22 | Bay Sierra (43467 Hwy 299) |
| Class 23 | Shasta County Tax Collector (Hill Top Drive) |

| | |
|---|---|
| Class 24 | DRMG (Hill Top Drive) |
| Class 25 | Shasta County Tax Collector (Churn Creek) |
| Class 26 | DRMG (Churn Creek) |
| Class 27 | Lake County Tax Collector (South Main Street) |
| Class 28 | DRMG (South Main Street) |
| Class 29 | Larry Moss (South Main Street) |
| Class 30 | Jim Berger (South Main Street) |
| Class 31 | Lake County Tax Collector (Lake Drive) |
| Class 32 | WestAmerica Bank (Lake Drive) |
| Class 33 | Larry Moss (Lake Drive) |
| Class 34 | Lake County Tax Collector (Pearl Street) |
| Class 35 | WestAmerica Bank (Pearl Street) |
| Class 36 | Larry Moss (Pearl Street) |
| Class 37 | General Unsecured Creditors |
| Class 38 | Barry Johnson |

V.

Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of the Office of the United States Trustee shall be distributed on the later of the following dates:

(1) The Effective Date; or

(2) As soon as practical after the order allowing the claim becomes a Final Order, if the claim is disputed or if applicable provisions of the Bankruptcy Code otherwise require Bankruptcy Court approval.

Payments on account of the United States Internal Revenue Service and the State of

California, to the extent there is a liability, shall be paid in full, together with statutory interest, in sixty (60) equal monthly installments commencing the first day of the first month following the Effective Date and continuing each month thereafter until paid as provided herein.

VI.

Summary and Implementation of the Plan

Summary

The debtor proposes to modify the terms of the Promissory Note and Security Agreements held by the deed of trust holders as follows:

DRMG (One First Street)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

Bay Sierra (One First Street)

Bay Sierra shall be paid $315,000 together with 1.95% interest amortized over thirty years with the unpaid principal and interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

Jim Berger (One First Street)

The deed of trust held by Jim Berger will be avoided with the claim to be paid as a general unsecured claim.

Bob Nutto (One First Street)

The deed of trust held by Jim Berger will be avoided with the claim to be paid as a general unsecured claim.

Clear Lake Lave (One First Street)

The judicial lien held by Clear Lake Lave will be avoided and paid as a general unsecured claim.

//

Premier West Bank (15895 Dam Road)

Premier West Bank will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Larry Moss (15895 Dam Road)

Larry Moss will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Premier West Bank (15895 Dam Road)

The third deed of trust that secures this loan will be transferred to a parcel to be created pursuant to an agreement amongst the Premier West Bank and co-owners Larry Moss and the debtor. When the deed of trust transfers the debtor will either surrender the property to Premier West Bank or the debtor will pay the obligation on terms mutually acceptable to the parties.

### First Community Bank (6883 Old Hwy 53)

The debtor will either surrender the property to First Community Bank or the debtor will pay the obligation on terms mutually acceptable to the parties.

Village Properties (6883 Old Hwy 53)

### DRMG (Parallel Drive)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Bay Sierra (Parallel Drive)

Bay Sierra shall be paid $315,000 together with 1.95% interest amortized over thirty years with the unpaid principal and interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Premier West Bank (C Street)

Premier West Bank will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

RC Pacific (C Street)

RC Pacific will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

DRMG (43467 Hwy 299)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

Bay Sierra (43467 Hwy 299)

Bay Sierra shall be paid $180,000 together with 1.95% interest amortized over thirty years with the unpaid principal and interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

DRMG (Hill Top Drive)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

DRMG (Churn Creek)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

DRMG (South Main Street)

DRMG will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

//

Larry Moss (South Main Street)\

Larry Moss will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary

of the day the plan is confirmed.

### Jim Berger (South Main Street)

Jim Berger will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### WestAmerica Bank (Lake Drive)

WestAmerica Bank will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Larry Moss (Lake Drive)

Larry Moss will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### WestAmerica Bank (Pearl Street)

WestAmerica Bank will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Larry Moss (Pearl Street)

Larry Moss will be paid in full together with 4.25% interest amortized over thirty years with the unpaid principal and accrued interest to be all due and payable on the eight anniversary of the day the plan is confirmed.

### Delinquent Real Property Taxes

The delinquent real proeprty taxes, if any, shall be paid in full plus statutory interest in sixty (6) equal monthly installments.

### General Unsecured Creditors

The unsecured creditors will be paid not less than $600,000 over ten years plus 25% of the debtor's net operating profit over the same time period. It is the debtor's intention to pay all creditors in full but the actual return will be dependent on the success of the debtor.

Implementation

Attached to the Disclosure Statement are projects for each of the properties that set out both the projected income and projected expenses.

VII.

Satisfaction of Claims and Interests

The Plan is intended to deal with all Claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court. However, only those Claims allowed will receive distributions under the Plan. All Creditors and other parties in interest who have or assert Claims in any Class shall, upon Confirmation of the Plan, be deemed to have acknowledged that their respective Claims are fully satisfied by the distribution provided herein, each of which Claims, whether known or unknown, scheduled or unscheduled, filed or unfiled, asserted or assertable, are declared and shall be, for all purposes, upon the entry of the Order Confirming Plan, satisfied in full. All Impaired Classes of Claims shall receive the distributions set forth in the Plan on account of, and in complete satisfaction of, all such Allowed Claims. Without limiting the foregoing, on the Effective Date, each Creditor shall be deemed to have waived, relinquished and released any and all of their rights, Claims, other than as provided for in the Plan.

VIII.

Alternative to the Plan

To arrive at a judgment on whether or not to vote for or against the Plan proposed by the Debtor, a Creditor or other party in interest needs to have an understanding of the consequences of what would happen if the Case was converted to Chapter 7.

When a Chapter 11 is converted to Chapter 7 a trustee is appointed who is given the task of liquidating assets that will, net of costs of sale and net of liens, allow for a meaningful distribution to the unsecured creditors. In this case, value of the assets is seen in the continued operation of the properties and not in their liquidation as liquidation of the assets in this very difficult financial times would not bring to the creditors anywhere near what they might receive over the proposed 7 year term of the plan. Properties that are abandoned and then foreclosed

would likely increase the unsecured creditor pool that would share pro rata with all of creditors and thereby dilute the return to the unsecured creditors such that unsecured creditors would receive a very minimal distribution.

## IX.

## Executory Contracts and Unexpired Leases

The debtor will assume all executory contracts and unexpired leases.

## X.

## Tax Consequences

There should be no tax consequences to any class of creditors as a result of confirmation of the plan except those creditors who receive a distribution that may have previously written off the claim for tax purposes. As to those creditors there may be a recognizable gain when the claim is paid. Creditors are urged to consult with their own tax advisors.

## XI.

## 1111(b) Election

An undersecured creditor may elect to have its claim treated as fully secured under section 1111(b)(2), meaning that a creditor relinquishes the right to vote and to share in the distribution as an unsecured creditor. However, a class of claims may not make such election if (I) the interest on account of such claim of the holder of such claim in such property is of inconsequential value or (ii) the holder of a claim has recourse against the Debtor on account of such claim and such property is sold.

## XII.

## Conclusion

If the plan is not confirmed the real property creditors can expect to lose an additional twenty percent or more from what is being offered by the Debtor; the unsecured creditors will be paid little or nothing.

//

//

| | | |
|---|---|---|
| 1 | Dated: February 21, 2011 | s/ Michael C. Fallon |
| 2 | | _____ |
| | | Michael C. Fallon |
| 3 | | Attorney for the Debtor |

SUPERIOR ACQUISITIONS, INC.
INCOME AND EXPENSE PROJECTION

| | YEAR 1 | YEAR 2 | YEAR 3 | YEAR 4 | YEAR 5 | YEAR 6 | YEAR 7 |
|---|---|---|---|---|---|---|---|
| **CARL'S JR - 15895 DM RD** | | | | | | | |
| RENTAL INCOME | | | | | | | |
| PREMIER WEST (S629K) | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 |
| LARRY MOSS ($100K) | 37,131.60 | 37,131.60 | 37,131.60 | 37,131.60 | 37,131.60 | 37,131.60 | 37,131.60 |
| TOTAL REVENUES | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 |
| | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 | 85,154.00 |
| TOTAL EXPENSES | 43,034.88 | 43,034.88 | 43,034.88 | 43,034.88 | 43,034.88 | 43,034.88 | 43,034.88 |
| NET INCOME | 42,119.12 | 42,119.12 | 42,119.12 | 42,119.12 | 42,119.12 | 42,119.12 | 42,119.12 |
| **CHURN CREEK** | | | | | | | |
| RENTAL INCOME - CHURN CREEK | 212,400.00 | 242,400.00 | 272,400.00 | 302,400.00 | 332,400.00 | 362,400.00 | 392,400.00 |
| INSURANCE - CHURN CREEK | 13,191.60 | 13,191.60 | 13,191.60 | 13,191.60 | 13,191.60 | 13,191.60 | 13,191.60 |
| LEASE EXPENSE - CHURN CREEK | 22,180.00 | 22,180.00 | 22,180.00 | 22,180.00 | 22,180.00 | 22,180.00 | 22,180.00 |
| PROPERTY TAXES - CHURN CREEK | 19,428.04 | 19,428.04 | 19,428.04 | 19,428.04 | 19,428.04 | 19,428.04 | 19,428.04 |
| PROPERTY TAX ARREARAGES | 12,141.84 | 12,141.84 | 12,141.84 | 12,141.84 | 12,141.84 | 0.00 | 0.00 |
| REPAIR & MAINT - CHURN CREEK | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 |
| SECURITY - CHURN CREEK | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| UTILITIES - CHURN CREEK | 12,480.00 | 12,480.00 | 12,480.00 | 12,480.00 | 12,480.00 | 12,480.00 | 12,480.00 |
| DRMG - N/P ($1.6MIL) | 94,452.48 | 94,452.48 | 94,452.48 | 94,452.48 | 94,452.48 | 94,452.48 | 94,452.48 |
| TOTAL REVENUES | 212,400.00 | 242,400.00 | 272,400.00 | 302,400.00 | 332,400.00 | 362,400.00 | 392,400.00 |
| TOTAL EXPENSES | 182,273.96 | 182,273.96 | 182,273.96 | 182,273.96 | 182,273.96 | 170,132.12 | 170,132.12 |
| NET INCOME | 30,126.04 | 60,126.04 | 90,126.04 | 120,126.04 | 150,126.04 | 192,267.88 | 222,267.88 |
| **FALL RIVER DMV** | | | | | | | |
| RENTAL INCOME | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 |
| INSURANCE | 1,950.00 | 1,950.00 | 1,950.00 | 1,950.00 | 1,950.00 | 1,950.00 | 1,950.00 |
| MANAGEMENT FEES | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| PROPERTY TAXES | 3,147.30 | 3,147.30 | 3,147.30 | 3,147.30 | 3,147.30 | 3,147.30 | 3,147.30 |
| PROPERTY TAX ARREARAGES | 5,328.12 | 5,328.12 | 5,328.12 | 5,328.12 | 5,328.12 | 0.00 | 0.00 |
| REPAIR & MAINT | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| SECURITY | 540.00 | 540.00 | 540.00 | 540.00 | 540.00 | 540.00 | 540.00 |
| TELEPHONE | 960.00 | 960.00 | 960.00 | 960.00 | 960.00 | 960.00 | 960.00 |
| UTILITIES | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| SANTA ROSA MORTGAGE | 11,013.72 | 11,013.72 | 11,013.72 | 11,013.72 | 11,013.72 | 11,013.72 | 11,013.72 |
| DRMG | 27,450.24 | 27,450.24 | 27,450.24 | 27,450.24 | 27,450.24 | 27,450.24 | 27,450.24 |
| TOTAL REVENUES | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 | 96,069.00 |
| TOTAL EXPENSES | 56,989.38 | 56,989.38 | 56,989.38 | 56,989.38 | 56,989.38 | 51,661.26 | 51,661.26 |
| NET INCOME | 39,079.62 | 39,079.62 | 39,079.62 | 39,079.62 | 39,079.62 | 44,407.74 | 44,407.74 |
| **LAKEPORT DMV** | | | | | | | |
| RENTAL INCOME | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 |
| INSURANCE | 6,548.00 | 6,548.00 | 6,548.00 | 6,548.00 | 6,548.00 | 6,548.00 | 6,548.00 |
| PROPERTY TAXES | 12,611.42 | 12,611.42 | 12,611.42 | 12,611.42 | 12,611.42 | 12,611.42 | 12,611.42 |
| PROPERTY TAX ARREARAGES | 14,275.92 | 14,275.92 | 14,275.92 | 14,275.92 | 14,275.92 | | |
| REPAIR & MAINT | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| SECURITY | 660.00 | 660.00 | 660.00 | 660.00 | 660.00 | 660.00 | 660.00 |
| UTILITIES | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 |
| BAY SIERRA | 22,027.44 | 22,027.44 | 22,027.44 | 22,027.44 | 22,027.44 | 22,027.44 | 22,027.44 |
| DRMG | 59,032.80 | 59,032.80 | 59,032.80 | 59,032.80 | 59,032.80 | 59,032.80 | 59,032.80 |
| TOTAL REVENUES | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 | 178,891.20 |
| TOTAL EXPENSES | 125,955.58 | 125,955.58 | 125,955.58 | 125,955.58 | 125,955.58 | 111,679.66 | 111,679.66 |
| NET INCOME | 52,935.62 | 52,935.62 | 52,935.62 | 52,935.62 | 52,935.62 | 67,211.54 | 67,211.54 |

Case: 10-13730   Doc# 135   Filed: 02/21/11   Entered: 02/21/11 15:21:41   Page 16 of 17

| LAKESHORE & PEARL ST | | | | | | | |
|---|---|---|---|---|---|---|---|
| RENTAL INCOME - LAKESHORE | 12,000.00 | 15,000.00 | 18,000.00 | 18,000.00 | 18,000.00 | 18,000.00 | 21,000.00 |
| INSURANCE - LAKESHORE | 5,029.00 | 5,029.00 | 5,029.00 | 5,029.00 | 5,029.00 | 5,029.00 | 5,029.00 |
| PROPERTY TAXES - LAKESHORE | 2,169.78 | 2,169.78 | 2,169.78 | 2,169.78 | 2,169.78 | 2,169.78 | 2,169.78 |
| PROPERTY TAXES - PEARL ST | 692.36 | 692.36 | 692.36 | 692.36 | 692.36 | 692.36 | 692.36 |
| PROP TX ARREARAGES - LAKESHORE | 2,412.96 | 2,412.96 | 2,412.96 | 2,412.96 | 2,412.96 | 0.00 | 0.00 |
| PROP TX ARREARAGES - PEARL ST | 696.24 | 696.24 | 696.24 | 696.24 | 696.24 | 0.00 | 0.00 |
| WEST AM BANK - LAKE ($200K) | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 |
| WEST AM BANK - PEARL ($100K) | 5,903.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LARRY MOSS - LAKE ($200K) | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 | 11,806.56 |
| LARRY MOSS - PEARL ST ($50K) | 2,951.64 | 2,951.64 | 2,951.64 | 2,951.64 | 2,951.64 | 2,951.64 | 2,951.64 |
| TOTAL REVENUES | 12,000.00 | 15,000.00 | 18,000.00 | 18,000.00 | 18,000.00 | 18,000.00 | 21,000.00 |
| TOTAL EXPENSES | 55,468.38 | 52,565.10 | 55,565.10 | 55,565.10 | 55,565.10 | 52,455.90 | 55,455.90 |
| NET INCOME | -43,468.38 | -37,565.10 | -37,565.10 | -37,565.10 | -37,565.10 | -34,455.90 | -34,455.90 |
| **SOUTH MAIN** | | | | | | | |
| RENTAL INCOME | 36,000.00 | 36,000.00 | 36,000.00 | 51,000.00 | 51,000.00 | 51,000.00 | 54,000.00 |
| MANAGEMENT FEE | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| PROPERTY TAXES | 2,695.92 | 2,695.92 | 2,695.92 | 2,695.92 | 2,695.92 | 2,695.92 | 2,695.92 |
| PROPERTY TAX ARREARAGES | 2,551.44 | 2,551.44 | 2,551.44 | 2,551.44 | 2,551.44 | | |
| REPAIR & MAINT | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 |
| DRMG ($270K) | 15,938.88 | 15,938.88 | 15,938.88 | 15,938.88 | 15,938.88 | 15,938.88 | 15,938.88 |
| MOSS ($100K) | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 | 5,903.28 |
| BERGER ($75K) | 4,427.40 | 4,427.40 | 4,427.40 | 4,427.40 | 4,427.40 | 4,427.40 | 4,427.40 |
| TOTAL REVENUES | 36,000.00 | 36,000.00 | 36,000.00 | 51,000.00 | 51,000.00 | 51,000.00 | 54,000.00 |
| TOTAL EXPENSES | 33,616.92 | 33,616.92 | 33,616.92 | 33,616.92 | 33,616.92 | 33,616.92 | 33,616.92 |
| NET INCOME | 2,383.08 | 2,383.08 | 2,383.08 | 17,383.08 | 17,383.00 | 17,383.00 | 20,383.00 |
| **WILLOW POINT RESORT** | | | | | | | |
| RENTAL INCOME | 272,509.00 | 287,212.00 | 311,212.00 | 356,612.00 | 360,712.00 | 369,712.00 | 401,712.00 |
| ACCOUNTING | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 |
| ADVERTISING | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 | 1,800.00 |
| BANK FEES | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 |
| INSURANCE | 14,520.00 | 14,520.00 | 14,520.00 | 14,520.00 | 14,520.00 | 14,520.00 | 14,520.00 |
| LICENSES, FEES & PERMITS | 4,104.00 | 4,104.00 | 4,104.00 | 4,104.00 | 4,104.00 | 4,104.00 | 4,104.00 |
| MANAGEMENT FEES | 19,200.00 | 19,200.00 | 15,000.00 | 19,200.00 | 19,200.00 | 19,200.00 | 19,200.00 |
| OFFICE EXPENSE | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 |
| OUTSIDE SERVICE | 9,000.00 | 9,000.00 | 6,000.00 | 9,000.00 | 9,000.00 | 9,000.00 | 9,000.00 |
| POSTAGE | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 |
| PROPERTY TAXES | 9,295.56 | 9,295.56 | 9,295.56 | 9,295.56 | 9,295.56 | 9,295.56 | 9,295.56 |
| PROPERTY TAX ARREARAGES | 28,618.08 | 28,618.08 | 28,618.08 | 28,618.08 | 28,618.08 | | |
| REPAIR & MAINT | 20,500.00 | 20,500.00 | 20,500.00 | 20,500.00 | 20,500.00 | 20,500.00 | 20,500.00 |
| TELEPHONE | 3,420.00 | 3,420.00 | 3,420.00 | 3,907.44 | 3,907.44 | 3,907.44 | 3,907.44 |
| UTILITIES | 45,120.00 | 20,500.00 | 18,100.00 | 20,500.00 | 20,500.00 | 20,500.00 | 20,500.00 |
| DRMG | 76,742.64 | 76,742.64 | 76,742.64 | 76,742.64 | 76,742.64 | 76,742.64 | 76,742.64 |
| BAY SIERRA | 13,877.28 | 13,877.28 | 13,877.28 | 13,877.28 | 13,877.28 | 13,877.00 | 13,877.28 |
| TOTAL REVENUES | 272,509.00 | 287,212.10 | 311,212.00 | 356,612.00 | 360,412.00 | 369,712.00 | 401,712.00 |
| TOTAL EXPENSES | 252,433.56 | 252,433.56 | 252,433.56 | 252,433.56 | 265,433.66 | 223,818.48 | 262,433.66 |
| NET INCOME | 20,075.44 | 34,788.54 | 68,378.44 | 104,178.44 | 104,371.00 | 145,896.52 | 177,896.52 |
| **1153 HILLTOP DRIVE** | | | | | | | |
| RENTAL INCOME | | | | | | | |
| PROPERTY TAXES | 1,147.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| PROPERTY TAX ARREARAGES | 482.28 | 1,147.50 | 1,147.50 | 1,147.50 | 1,147.50 | 1,147.50 | 1,147.50 |
| DRMG | 4,250.40 | 482.28 | 482.28 | 482.28 | 482.28 | 0.00 | 0.00 |
| TOTAL REVENUES | 0.00 | 4,250.40 | 4,250.40 | 4,250.40 | 4,250.40 | 4,250.40 | 4,250.40 |
| TOTAL EXPENSES | 4,250.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NET INCOME | -4,250.40 | -4,250.40 | -4,250.40 | -4,250.40 | -4,250.40 | -4,250.40 | -4,250.40 |
| **GRAND TOTAL ALL PROPERTIES** | | | | | | | |
| TOTAL REVENUES | 893,023.20 | 940,726.30 | 997,726.20 | 1,088,126.20 | 1,091,926.20 | 1,161,226.20 | 1,229,226.20 |
| TOTAL EXPENSES | 754,023.06 | 751,119.78 | 754,119.78 | 754,119.88 | 767,119.88 | 690,649.62 | 732,264.80 |
| NET INCOME | 139,000.14 | 189,606.52 | 243,606.42 | 334,006.32 | 324,806.32 | 470,576.58 | 496,961.40 |