UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUPERIOR ACQUISITIONS, INC.,                               No. 10-13730

                    Debtor(s).
_____/

Memorandum on Motion for Approval of Compromise
_____

      At the time it filed its Chapter 11 petition , Chapter 11 debtor Superior Acquisitions, Inc., had a state court action pending against Donica,LLC, Matt Riveras, Willis Bruns, the City of Lakeport, and others entitled *Superior Acquisitions,Inc. v. City of Lakeport, et al,* Lake County Superior Court Case No. CV405485. Among other things, this action seeks to obtain title and ownership to certain real property commonly known as 802-898 Lakeport Blvd., Lakeport, CA and to recover certain damages from the City of Lakeport for refusing to honor an expired letter of intent to sell the subject real property to the Debtor. Although it had a duty to disclose this lawsuit in its schedules, the debtor failed to do so. It also did not mention the lawsuit in its proposed disclosure statement.

      Linda Green is the Chapter 11 trustee, appointed for cause due to other misdeeds by the debtor. Green learned of the lawsuit when she was contacted by attorneys for some of the defendants. Green has moved the court for approval of a compromise of the state court lawsuit for $10,000.00. Barry Johnson, president and CEO of the debtor, has objected. He admits that he failed to schedule the lawsuit, but argues that the settlement amount is unreasonably small. In his opinion, the lawsuit has a value in excess of $1 million. An attorney who is owed money by the debtor has also objected on the

1

same grounds.

A successful outcome of the litigation is extremely problematical. There is no contract between the debtor and the city, only an "agreement to agree." Continued prosecution is also risky for the estate, as there is significant exposure to attorneys' fees which would be administrative expenses in this Chapter 11 case. Moreover, success might depend on the testimony of Johnson himself, and he has not demonstrated the necessary credibility to the court.

While success in litigation against a municipality usually results in a collectible judgment, that may be an unwarranted assumption in this case. Lake County is severely depressed, and the ability of the City of Lakeport to satisfy a seven-figure damages claim is not something the court can assume, in the unlikely event that the lawsuit was successful.

The court also notes that a motion for summary judgment has been filed in the state court action. It appears that the motion has a good chance of being granted based on the lack of a binding agreement alone. In addition, the motion contains several other grounds which appear to have merit.

Johnson's objection is easily disregarded, as the court's mandate is to give primary consideration to the creditors and not the equity interests of the debtor. The court takes the attorney's objection more seriously, but still reaches the conclusion that the proposed settlement is in the best interest of creditors. The alternative is probably no recovery at all and creation of administrative expense claims having priority over the general claims of creditors.

An auction will be held to see if Johnson or anyone else wants to bid more for the right to pursue the lawsuit, so long as the bankruptcy estate is held harmless from claims arising from the continued litigation. With that sole condition, the objections will be overruled and the compromise approved. An appropriate order will be entered.

Dated: May 26, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge